UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTICT OF MICHIGAN
SOUTHERN DIVISION

JEAN MICHAEL PILOT,

    Plaintiff,                        Case No. 15-13191
                                         Honorable Paul D. Borman
v.                                       Magistrate Judge Elizabeth A. Stafford

RICK SNYDER, et al.,

    Defendants.
_____/

**REPORT AND RECOMMENDATION TO GRANT DEFENDANTS'
MOTION TO DISMISS [R. 8]**

**I.    INTRODUCTION AND BACKGROUND**

Although Plaintiff Jean Michael Pilot's complaint is sixty-one pages, it has two principal aims: he asks the Court to set aside his 2004 felony convictions for home invasion and larceny, and to erase those convictions from his criminal history.[1] [*See* R. 1, PgID 2-3, 5-6, 10, 14-15, 22-23]. In addition to this requested injunctive relief, he demands damages from the defendants, the State of Michigan, Michigan Governor Rick Snyder and Michigan Attorney General Bill Schuette.[2] [*See id.*, PgID 27, 30, 32-33, 35, 37]. Pilot's asserted claims allege gross negligence, defamation and

---

[1] The background regarding these convictions can be found in the Court's dismissal of Pilot's habeas corpus petition. [15-10962, R. 3.]
[2] Pilot incorrectly refers to Bill Schuette as "Bill Schutte."

liability pursuant to 42 U.S.C. § 1983, the Fifth, Ninth and Tenth Amendments, and he requests declaratory judgment pursuant to 28 U.S.C. § 2201. [*Id.,* PgID 24, 27, 31, 36, 38-39, 50-51].

In their motion to dismiss, defendants argue that Pilot's claims are barred by Eleventh Amendment immunity, that they are entitled to qualified immunity for the § 1983 claim, that the Michigan Government Tort Liability Act bars the state law claims, that Pilot's claims are implausible, and that his § 1983 claim is barred by the statute of limitations. Defendants' motion to dismiss [**R. 8**] should be **GRANTED**.

## II.   ANALYSIS

### A.

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests a complaint's legal sufficiency. Although the federal rules only require that a complaint contain a "short and plain statement of the claim showing that the pleader is entitled to relief," *see* Rule 8(a)(2), the statement of the claim must be plausible. Indeed, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v.*

*Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

The plausibility standard "does not impose a probability requirement at the pleading stage; it simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence of illegal [conduct]." *Twombly*, 550 U.S. at 556. In deciding whether a plaintiff has set forth a plausible claim, the Court must construe the complaint in the light most favorable to the plaintiff and accept as true all well-pleaded factual allegations. *Id.* However, legal conclusions need not be accepted as true. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

Pleadings filed by pro se litigants are entitled to a more liberal reading than would be afforded to formal pleadings drafted by lawyers. *Thomas v. Eby*, 481 F.3d 434, 437 (6th Cir. 2007). Nonetheless, such complaints still must plead a plausible claim for relief. *Davis v. Prison Health Services*, 679 F.3d 433, 437–38 (6th Cir. 2012 ).

Pilot has failed to state a plausible claim for relief.

**B.**

Pilot's reliance on § 1983 and the constitutional provisions he cites to set aside his conviction is without merit because habeas corpus is the exclusive remedy for challenging the fact of a state conviction, and § 1983 does not permit a suit for damages for wrongful conviction unless that conviction has previously been overturned.  *Heck v. Humphrey*, 512 U.S. 477, 481-87 (1994).  Nor is § 1983 an available vehicle for expunging a state conviction.  *Duke v. White*, 616 F.2d 955, 956 (6th Cir. 1980) ("The right to expungement of state records is not a federal constitutional right."). That is true even if the criminal record includes errors.  *Walton v. Michigan Dep't of Corr.*, 165 F.3d 29 (6th Cir. 1998) ("There is no constitutionally protected right not to have typographical errors made in a record.").  In fact, federal courts do not even have jurisdiction to expunge federal convictions. *United States v. Lucido*, 612 F.3d 871, 875-76 (6th Cir. 2010).  Pilot complains that his criminal record creates hardships for him, but the public interest in maintaining criminal records overrides such consequential

hardships. *United States v. Wiley*, 89 F. Supp. 2d 909, 911-12 (S.D. Ohio 1999).[3]

## C.

Pilot also fails to state a claim because, under the Eleventh Amendment, he cannot sue the State, the Governor or the Attorney General in their official capacities. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). Pilot attempts to avoid this bar by claiming that he is suing Snyder and Schuette in their personal capacity. His complaint does state that he is suing these defendants both personally and in their capacity as government officers. [R. 1, PgID 1]. However, he has not identified any personal involvement by Snyder and Schuette; since they were not in office at the time, they certainly did not have personal involvement in his 2004 conviction. Absent such personal involvement, Pilot has no plausible claim against Snyder and Schuette under § 1983. *Palmer v. Lane*, 22 Fed. Appx. 532, 533 (6th Cir. 2001) (plaintiff did not state a § 1983 claim against sheriff who had no personal involvement).

And, since Pilot has not identified a clearly established constitutional right that Snyder and Schuette violated, they are entitled to qualified

---

[3] *Wiley* preceded *Lucido's* holding that the courts lack jurisdiction to expunge criminal records.

5

immunity. *Estate of Carter v. City of Detroit*, 408 F.3d 305, 311 (6th Cir. 2005). Snyder and Schuette are also correct that they are immune from state tort liability under Michigan law and that declaratory relief is unavailable absent a viable substantive claim for relief. M.C.L. § 691.1407(5); *Int'l Ass'n of Machinists & Aerospace Workers v. Tennessee Valley Auth.*, 108 F.3d 658, 668 (6th Cir. 1997).

For all of these reasons, Pilot's complaint should be dismissed.

### III. CONCLUSION

For the above reasons, the Court **RECOMMENDS** that defendants' motion to dismiss **[R. 8]** be **GRANTED** and that his motions for trial by jury [R. 17; R. 21; R. 22] be deemed **MOOT**.

s/Elizabeth A. Stafford<br>
ELIZABETH A. STAFFORD<br>
United States Magistrate Judge

Dated: May 16, 2016

### NOTICE TO THE PARTIES REGARDING OBJECTIONS

Either party to this action may object to and seek review of this Report and Recommendation, but must act within fourteen days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v.*

*Secretary of HHS*, 932 F.2d 505 (6th Cir. 1991)*; United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  Filing objections which raise some issues but fail to raise others with specificity will not preserve all objections that party might have to this Report and Recommendation.  *Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  A copy of any objection must be served upon this Magistrate Judge.  E.D. Mich. LR 72.1(d)(2).

Each **objection must be labeled** as "Objection #1," "Objection #2," etc., and **must specify** precisely the provision of this Report and Recommendation to which it pertains.  Not later than fourteen days after service of objections, **the non-objecting party must file a response** to the objections, specifically addressing each issue raised in the objections in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.  The response must be **concise and proportionate in length and complexity to the objections**, but there is otherwise no page limitation.  If the Court determines that any objections are without merit, it may rule without awaiting the response.

## **CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF

System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on May 16, 2016.

s/Marlena Williams<br>
MARLENA WILLIAMS<br>
Case Manager