UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JEAN MICHAEL PILOT,

                         Plaintiff,

v.

RICK SNYDER, ET AL.,

                         Defendants.

_____/

Case No. 15-13191

Paul D. Borman
United States District Judge

Elizabeth A. Stafford
United States Magistrate Judge

OPINION AND ORDER
(1) DENYING PLAINTIFF'S OBJECTIONS (ECF NO. 28);
(2) ADOPTING THE MAGISTRATE JUDGE'S
REPORT AND RECOMMENDATION (ECF NO. 27);
(3) DENYING AS MOOT PLAINTIFF'S MOTIONS FOR TRIAL BY JURY (ECF NOS. 17,
21, & 22); AND (4) GRANTING DEFENDANTS' MOTION TO DISMISS (ECF NO. 8)

Plaintiff Jean Michael Pilot, proceeding *pro se*, filed his sixty-one page complaint on September 9, 2015 against Defendants the State of Michigan, Michigan Governor Rick Snyder and Michigan Attorney General Bill Schuette. (ECF No. 1.) Plaintiff sets forth claims of gross negligence, defamation and liability pursuant to 42 U.S.C. § 1983, the Fifth, the Ninth, and the Tenth Amendments and also seeks a declaratory judgment pursuant to 28 U.S.C. § 2201.

All of Plaintiff's claims seek redress and relate to his 2004 state felony convictions for home invasion and larceny. Plaintiff filed a Petition for Writ of Habeas Corpus regarding these same convictions in 2015, however, this Court summarily dismissed Plaintiff's Petition on April 22, 2015 and also dismissed Plaintiff's amended Habeas Petition on September 8, 2015. (*See Pilot v. Snyder, et al*., Case No. 15-10962.)

On October 7, 2015, Defendants filed a motion to dismiss Plaintiff's current complaint on the basis that Plaintiff's claims are barred by Eleventh Amendment immunity, that they are

entitled to qualified immunity as to any § 1983 claim, that the Michigan Government Tort

Liability Act bars Plaintiff's state law claims, that Plaintiff's claims are implausible, and that

Plaintiff's § 1983 claims are barred by the applicable statute of limitations.  (ECF No. 8.)  This

Court referred the motion to dismiss as well as all pretrial matters in this action to Magistrate

Judge Elizabeth Stafford.  (ECF No. 11.)

On May 16, 2016, Magistrate Judge Elizabeth A. Stafford issued a Report and

Recommendation recommending that this Court grant Defendants' motion to dismiss and deem

Plaintiff's motions for trial by jury moot.  (ECF No. 27.)  Magistrate Judge Stafford concluded

that Plaintiff had failed to set forth a plausible claim for relief because: (1) the Defendants were

entitled to immunity in their official capacities pursuant to the Eleventh Amendment; (2)

Plaintiff failed to set forth any facts supporting Defendants Snyder or Schuette's personal

involvement in his convictions such that any § 1983 claim against them in their individual

capacities was implausible; (3) Defendants Snyder and Schuette were entitled to qualified

immunity as to the § 1983 claims because Plaintiff failed to identify any constitutional right that

was violated; (4) Defendants Snyder and Schuette were immune from state tort liability under

Michigan law; and (5) a petition for habeas corpus was the proper vehicle to challenge his state

court convictions and § 1983 was not a proper vehicle to expunge a state conviction.

On June 1, 2016, Plaintiff filed his Objections to the Report and Recommendation.  (ECF

No. 28.)  On June 13, 2016, Defendants filed a response to Plaintiff's Objections.  (ECF NO.

29.)  Then, on June 28, 2016, Plaintiff filed a reply.  (ECF No. 30.)

Pursuant to Federal Rule of Civil Procedure 72(b) and 28 U.S.C. § 636(b)(1), the Court

conducts a *de novo* review of the portions of the Magistrate Judge's Report and

Recommendation to which a party has filed "specific written objections" in a timely manner. *Lyons v. Comm'r Soc. Sec.,* 351 F. Supp. 2d 659, 661 (E.D. Mich. 2004).  Only those objections that are specific are entitled to a *de novo* review under the statute.  *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir.1986).  "The parties have the duty to pinpoint those portions of the magistrate's report that the district court must specially consider."  *Id.* (internal quotation marks and citation omitted).  A general objection, or one that merely restates the arguments previously presented, does not sufficiently identify alleged errors on the part of the magistrate judge.  An "objection" that does nothing more than disagree with a magistrate judge's determination, "without explaining the source of the error," is not considered a valid objection.  *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991).

Here, Defendants have moved to dismiss pursuant to Fed. R. Civ. P. 12(b)(6).  Rule 12(b)(6) allows for the dismissal of a case where the complaint fails to state a claim upon which relief can be granted.  When reviewing a motion to dismiss under Rule 12(b)(6), a court must "construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff." *DirectTV, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007).  To sufficiently state a claim, a complaint must provide a "short and plain statement of the claim showing that the pleader is entitled to relief."  FED. R. CIV. P. 8(a)(2).  "[T]he complaint 'does not need detailed factual allegations' but should identify 'more than labels and conclusions.'" *Casias v. Wal-Mart Stores*, Inc., 695 F.3d 428, 435 (6th Cir. 2012) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  A plaintiff must provide more than "formulaic recitation of the elements of a cause of action ...  Factual allegations must be enough to raise a right to relief above the speculative level...." *Twombly*, 550 U.S. at 555

(internal citations omitted).  The Sixth Circuit has recently reiterated that "To survive a motion to dismiss, a litigant must allege enough facts to make it plausible that the defendant bears legal liability.  The facts cannot make it merely possible that the defendant is liable; they must make it plausible.  *Agema v. City of Allegan*, --- F.3d ---, 2016 WL 3349206, at *3 (6th Cir. 2016) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

Additionally, the Court notes that pleadings filed by a *pro se* litigant are entitled to a more liberal reading than the Court would afford to formal pleadings submitted by attorneys. *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam).  However, a plaintiff must provide more than just bare assertions of legal conclusions. *Grinter v. Knight*, 532 F.3d 567, 577 (6th Cir. 2008) (citing *Scheid v. Fanny Farmer Candy Shops, Inc*., 859 F.2d 434, 436 (6th Cir. 1988)).

Plaintiff sets forth nineteen enumerated objections to the Magistrate Judge's six-page long Report and Recommendation.  The Court has reviewed the entirety of Plaintiff's objections and his reply brief and finds that, even under a liberal reading, all but two of Plaintiff's objections fail to identify any error with the Report and Recommendation and fail to provide any relevant argument.

Plaintiff's Objections numbered 13 and 19 appear to address the Report and Recommendation and set forth a challenge to the Magistrate Judge's conclusions.  In Objection 13, Plaintiff objects to the Magistrate Judge's finding that Defendants Snyder and Schuette are entitled to qualified immunity for §1983 claims asserted against them in their personal capacity. (ECF No. 28, at 11, Pg ID 387-91.)  Plaintiff argues that Defendants Snyder and Schuette are liable due to their "inactiveness to timely review the Felony and set [aside] the Felony."  (*Id*., at

4

Pg ID 387.)  Plaintiff also argues that Defendants Snyder and Schuette, while not in office at the time of his 2004 conviction, can be liable because they are successors in office to the previous Governor and Attorney General for Michigan.  (*Id.*)  Plaintiff's objection is without merit.  As the Magistrate Judge accurately held, Plaintiff has failed to allege any personal involvement by Defendants Snyder and Schuette that would could support a § 1983 claim against these individuals in their personal capacity.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) ("Because vicarious liability is inapplicable to *Bivens* and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution.)  Moreover, Plaintiff has also failed to articulate a constitutional violation based upon Defendants Snyder and Schuette's failure to set aside his conviction or expunge a valid felony conviction from his record.  *See e.g., Duke v. White*, 616 F.2d 955, 956 (6th Cir. 1980) ("The right to expungement of state records is not a federal constitutional right.")

In Objection number 19, Plaintiff argues that the Magistrate Judge erred in concluding that § 1983 was the wrong vehicle through which to overturn or set aside his state court conviction, and Plaintiff clarifies that he also seeks money damages in addition to setting aside his state court conviction.  The Court also finds this objection is without merit.  The Magistrate Judge recognized and addressed Plaintiff's request for money damages and correctly held that "§ 1983 does not permit a suit for damages for wrongful conviction unless that conviction has previously been overturned."  (ECF No. 27, at 4 (citing *Heck v. Humphrey*, 512 U.S. 477, 481-87 (6th Cir. 1994)).  Here, Plaintiff's convictions have never been overturned.  To the extent Plaintiff seeks money damages related being labeled a felon after completing being released from prison, as discussed *supra*, Plaintiff fails to articulate a constitutional right to expunge or

set aside a valid state court felony conviction.  Thus, Plaintiff's objection is denied.

For all these reasons, the Court DENIES Plaintiff's Objections (ECF No. 28) and ADOPTS the Magistrate Judge's Report and Recommendation (ECF No. 27).  The Court also GRANTS Defendants' Motion to Dismiss (ECF No. 8), DENIES AS MOOT Plaintiff's Motions for Trial by Jury (ECF Nos. 17, 21, & 22), and DISMISSES this action WITH PREJUDICE.

IT IS SO ORDERED.


s/Paul D. Borman
PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE

Dated:  June 30, 2016

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on June 30, 2016.


s/Deborah Tofil
Case Manager